IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JASA CLARK, )<br>)<br>   Plaintiffs, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>   Defendant. ) | Civil Case No.: 3:24-cv-01035<br>Chief Judge Campbell<br>Magistrate Judge Newbern |

## ANSWER

Defendant, the United States of America ("Defendant"), by and through the United States Attorney for the Middle District of Tennessee, and the undersigned Assistant United States Attorney, hereby responds to Plaintiff's Complaint as follows:

### PARTIES

1. Upon information and belief, Defendant admits Paragraph 1 of the Complaint.

2. Defendant admits that Daxon Ferguson (Ferguson) was employed by the United States Department of the Interior (DOI), National Park Service (NPS), on November 20, 2023. Defendant admits that on November 20, 2023, Ferguson was acting in the course and scope of his employment when the government vehicle he was driving collided with a vehicle driven by Plaintiff Jasa Clark. The remaining allegations contained in Paragraph 2 of the Complaint are denied.

3. Defendant admits that Clark's attorney filed an administrative claim with the DOI NPS pursuant to the Federal Tort Claims Act dated January 29, 2024, and the administrative claim was denied on June 5, 2024.

4. Defendant denies that Clark was injured due to negligence by Ferguson. Defendant admits that Ferguson was acting in the course and scope of his employment when the government

vehicle he was driving collided with a vehicle driven by Plaintiff Jasa Clark on November 20, 2023. Defendant admits that jurisdiction and venue is proper.

## FACTS

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Defendant admits based on information and belief that Clark was attempting to make a left-hand turn from Highway 79. The remaining allegations contained in Paragraph 9 of the Complaint are denied.

10. Defendant admits that Ferguson's government vehicle collided with the rear end of Clark's vehicle. The remaining allegations contained in Paragraph 10 of the Complaint are denied.

11. Defendant admits only that Ferguson's government vehicle collided with the rear end of Clark's vehicle. The remaining allegations contained in Paragraph 11 of the Complaint are denied.

12. Denied.

13. Defendant admits that Clark suffered injury as a result of the collision. Defendant is without sufficient information to admit or deny the remaining allegations contained in Paragraph 13 of the Complaint; therefore, denied.

14. Defendant admits that Clark incurred medical expenses after the collision. Defendant is without sufficient information to admit or deny the remaining allegations contained in Paragraph 14 of the Complaint; therefore, denied.

15. Admitted.

16. Denied.

2

Case 3:24-cv-01035    Document 19    Filed 10/04/24    Page 2 of 6 PageID #: 16

17. Admitted.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 23 of the Complaint; therefore, denied.

## ACTS OF NEGLIGENCE

24. Defendant admits that all operators of motor vehicles on public roads owe a duty of reasonable care to others.

25. Defendant denies the allegations contained in Paragraph 25 (a-e) of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 (a-c) of the Complaint.

27. Defendant admits only that Clark suffered injuries as a result of the collision. The remaining allegations contained in Paragraph 27 of the Complaint are denied.

28. Defendant admits that Ferguson was acting in the course and scope of his employment when the government vehicle he was driving collided with a vehicle driven by Plaintiff Jasa Clark on November 20, 2023. The remaining allegations contained in Paragraph 28 of the Complaint are denied.

29. Defendant admits that Ferguson was acting in the course and scope of his employment when the government vehicle he was driving collided with a vehicle driven by Plaintiff Jasa Clark on November 20, 2023. The remaining allegations contained in Paragraph 29 of the Complaint are denied.

30. Defendant admits that Ferguson was acting in the course and scope of his employment when the government vehicle he was driving collided with a vehicle driven by Plaintiff Jasa Clark on November 20, 2023. The remaining allegations contained in Paragraph 30 of the Complaint are denied.

**DAMAGES**

31. Defendant admits that Clark incurred medical expenses immediately after the collision. The remaining allegations contained in Paragraph 31 of the Complaint are denied.

32. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 32 of the Complaint; therefore, denied.

33. Defendant denies the allegations contained in Paragraph 33 (a-b) of the Complaint.

**RELIEF SOUGHT**

In response to the Paragraph titled "Relief Sought" containing demands for relief, Defendant denies that Plaintiff is entitled to damages of any type or in any amount from Defendant.

Defendant denies all allegations in the Complaint not specifically admitted or qualified.

**AFFIRMATIVE DEFENSES**

Now having fully answered, pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant hereby pleads its affirmative and other defenses in this action:

1. The Complaint fails in whole or in part to state a claim upon which relief can be granted.

2. The injuries and damages alleged in the Complaint were not proximately caused by any negligent or wrongful act or omission of Defendant's employee.

3. Plaintiff's own negligence, carelessness, or failure to exercise due care proximately caused or contributed to her injuries and damages.

4. Although Defendant denies liability, Defendant avers that if it is found liable, any

4
Case 3:24-cv-01035     Document 19     Filed 10/04/24     Page 4 of 6 PageID #: 18

such fault should be compared with and reduced by the fault attributable to Plaintiff.

5. Plaintiff's claims are barred, in whole or in part, by Tennessee law on comparative negligence.

6. Defendant contests the extent of the Plaintiff's claimed injuries, whatever they may be, as well as the Plaintiff's assertion that said injuries, resulting treatment, alleged requirement for future treatment and/or residual effects were caused by the collision referenced in the Plaintiff's Complaint.

7. Defendant avers that to the extent Plaintiff has failed to mitigate her claimed injuries and damages, Plaintiff's recovery, if any, should be reduced or barred accordingly.

8. Plaintiff is not entitled to pre-judgment interest or punitive damages pursuant to 28 U.S.C. § 2674.

9. Pursuant to 28 U.S.C. § 2678, Plaintiff is not entitled to a separate award of attorney's fees.

10. Plaintiff's claims for damages are limited to damages recoverable under the Federal Tort Claims Act, 28 U.S.C. § 2674, *et seq*.

11. Defendant avers that the Plaintiff's recovery against it in this action, if any, can be no greater than the amount of the claims Plaintiff's presented in her administrative claim pursuant to 28 U.S.C. § 2675(b).

12. Plaintiff is not entitled to a jury trial pursuant to 28 U.S.C. § 2402.

13. Defendant hereby specifically preserves any and all other defenses, not currently known, which it has or through discovery it learns may be applicable.

**WHEREFORE**, having fully answered the Complaint, the Defendant prays that this case be dismissed with prejudice and that judgment be awarded in its favor, together with costs, and for such other and further relief as the Court deems appropriate in this case.

Respectfully submitted,

HENRY C. LEVENTIS
United States Attorney
Middle District of Tennessee

s/ Anica C. Jones
ANICA C. JONES, B.P.R. #025325
Assistant United States Attorneys
United States Attorney's Office
719 Church Street, Suite 3300
Nashville, TN  37203
Telephone: (615) 736-5151
Email:  anica.jones@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following, if registered, by operation of the Court's electronic filing system. If not registered, notice was sent by United States mail, postage prepaid, to the following:

Jonathan Griffith
Griffith Law
114 Cool Springs Blvd.
Franklin, TN 37067
john@griffithinjurylaw.com

s/ Anica C. Jones
ANICA C. JONES
Assistant United States Attorney
